UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN CHING EN LEE,<br><br>    Defendant. | Case No. 15-cr-00541-SI-1<br><br>**ORDER DENYING MOTION FOR BILL OF PARTICULARS AND GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY**<br><br>Re: Dkt. No. 60 |

Defendant John Ching En Lee has filed a motion for a bill of particulars and to compel discovery. Docket No. 60. This matter came on for hearing on May 17, 2016. Having considered the arguments of counsel and the papers submitted, the Court hereby rules as follows.

**BACKGROUND**

On February 28, 2014, a special agent for the United States Department of Homeland Security swore out a criminal complaint against defendant John Ching En Lee. Docket No. 1. The complaint alleged that on March 6, 2008, the Contra Costa County Sheriff's Department executed a search warrant at the Crystal Massage Parlor. *Id.*, Scott Aff. ¶ 6. Qingmin Liu, the owner of the parlor, was arrested for soliciting prostitution. *Id.* Defendant Lee, Liu's husband, posted bail for Liu. *Id.* On March 11, 2008, the Department of Homeland Security, Office of Inspector General, received a complaint that Lee, an Immigration Services Officer with the United States Citizenship and Immigration Services ("CIS"), "had an association with the owner of a brothel, which operated under the auspice of a massage parlor." *Id.*

As part of his official investigation into Lee, Special Agent Lamont Scott reviewed Lee's activity in the Treasury Enforcement Communications System ("TECS") government database.

*Id*. ¶ 8. When Scott reviewed the "TECS playbacks" to determine whether Lee had ever queried himself or his family members, Scott confirmed that Lee conducted three subject queries of Qingmin Liu's name on March 19, 2009.[1] *Id*. ¶ 10. Scott stated that Lee conducted this search while he worked at the CIS Office in San Francisco, California, and that such a search would not have fallen within his official duties. *Id.*

According to the criminal complaint, on August 26, 2009, Special Agent Richard Fuentes from the Department of Homeland Security interviewed Lee. *Id*. ¶ 9. During the interview, Lee "acknowledged that his wife was the owner and operator of the massage parlor, but denied any association with the business . . . ." *Id.* Fuentes's memorandum of that interview states, "Lee denied that he ever funded or gave money to Liu for the massage parlor." Kollios Decl. Ex. A at 2.

On August 30, 2013, Special Agent Scott, along with Special Agent William Lee from the IRS, interviewed defendant Lee. Kollios Decl. Ex. C. Scott's memorandum of that interview states, "Lee's wife asked him to help her purchase the [massage] business and in 2006 he got a loan for $30,000 from Wells Fargo Bank." *Id.* at 1.

Special Agent Scott and IRS Special Agent William Lee again interviewed defendant Lee on October 10, 2013. Kollios Decl. Ex. E. During the interview, Lee was asked whether he had "'ever made unauthorized queries in TECS for [his] personal use,' and Lee responded, 'to the best of my recollection, no.'" *Id.* at 1. Lee further denied making unauthorized queries of himself or of his wife for personal use. *Id.*

On November 19, 2015, a grand jury returned an indictment against Lee. Docket No. 42. The indictment charged Lee with two counts of violating 18 U.S.C. § 1001(a)(2), false statement or representation made to a department or agency of the United States. *Id*. at 1-2.

As to Count One, the indictment charges:

---

[1] Lee's motion states that the TECS playbacks review revealed that "Lee had searched three versions of his wife's name on March 19, 2009 and one version of his name on March 20, 2006 (although using a different birth date than his own)." Motion at 3 (citing Docket No. 60-1, Declaration of Lara Kollios ("Kollios Decl.") Ex. D).

2

> On or about August 26, 2009, . . . the defendant, JOHN CHING EN LEE, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation . . . by making false statements to representatives of the Department of Homeland Security about his involvement in providing funding to the owner of Crystal Massage Parlor, who was arrested for prostitution in relation to the Crystal Massage Parlor.  The statements and representations were false because JOHN CHING EN LEE then and there knew that he had provided $30,000 to the owner to fund the Crystal Massage Parlor.

*Id.*

Count Two of the indictment charges:

> On or about October 10, 2013, . . . the defendant, JOHN CHING EN LEE, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation . . . by making false statements to representatives of the Department of Homeland Security about his use of Treasury Enforcement Communications System (TECS) for personal reasons.  The statements and representations were false because JOHN CHING EN LEE then and there knew that he had queried his own name, as well as the name of the owner of the Crystal Massage Parlor, using multiple spellings of the owner's name and using the owner's birthdate.

*Id.* at 2.

Now before the Court is defendant's motion for a bill of particulars and to compel discovery.  Docket No. 60 ("Motion").

## DISCUSSION

### I.  Bill of Particulars

Defendant Lee seeks a bill of particulars containing factual detail bearing on Counts One and Two of the indictment, alleged violations of 18 U.S.C. § 1001.  Specifically, Lee seeks information identifying: "(a) the exact statements the government alleges were false in Count One and (b) the materiality of the alleged false statements in Count Two . . . ." Motion at 1.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars."  "The bill of particulars has three functions: 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)); *see also*

3

*United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense."). However, a defendant may not use a motion for a bill of particulars to obtain discovery of all the evidence the government intends to produce. *Giese*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking the "when, where, and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars). "The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted).

The Court finds that a bill of particulars should not issue in this case. "A defendant is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case." *Giese*, 597 F.2d at 1181 (citing *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)). Count One of the indictment sufficiently informs Lee of the government's theory of the case. It specifies the date (August 26, 2009) on which Lee is alleged to have made the false statement, that Lee made false statements "about his involvement in providing funding to the owner of Crystal Massage Parlor," and that the statements were false because Lee "then and there knew that he had provided $30,000 to the owner to fund the Crystal Massage Parlor." Indictment ¶ 1.

In considering a motion for a bill of particulars, courts are to consider both the language of the indictment and the information provided through discovery. *Giese*, 597 F.2d at 1181. In the context of the discovery produced in this case, there is nothing ambiguous about the term "funding" in Count One of the indictment. *See* Motion at 7. The government has produced a three-page "Memorandum of Activity" summarizing the interview conducted on August 26, 2009. Kollios Decl. Ex. A. The memorandum includes the following: "Lee denied that he ever funded or gave money to Liu for the massage parlor." *Id.* at 2. Additionally, defense counsel indicated at the hearing that she had recently received additional agent notes of interviews with Lee, and the Court intends to order the government to produce any remaining agent notes from Lee's

4

interviews. This information, though not necessary, will further help Lee understand the charges against him and "will obviate the need for a bill of particulars." *See Long*, 706 F.2d at 1054. Lee is not entitled to know "the exact statements [the government] alleges Mr. Lee made that were false on August 26, 2009" when he has more than enough information to inform him of the government's theory of the case. *See Giese*, 597 F.2d at 1181; Motion at 7.

Count Two of the indictment also sufficiently informs Lee of the government's theory of the case. Again, it states the date the false statements were made (October 10, 2013), that Lee made false statements "about his use of Treasury Enforcement Communications System (TECS) for personal reasons," and that the statements were false because Lee "then and there knew he had queried his own name, as well as the name of the owner of the Crystal Massage Parlor . . . ." Indictment ¶ 2. Through discovery, Lee has in his possession Memoranda of Activity that summarize the interview that took place on October 10, 2013, as well as the TECS playbacks search that Special Agent Scott ran on September 19, 2013. Kollios Decl. Ex. D, E. This information gives Lee the dates on which he allegedly ran the unauthorized TECS searches as well as the specific queries he is alleged to have used. Kollios Decl. Ex. D; Docket No. 65-1, Declaration of Lara Kollios in Support of Reply, Ex. H; Motion at 3. Lee argues that a bill of particulars is needed as to Count Two because the indictment does not make clear "what could be material about Mr. Lee's denials." Motion at 8. However, in the Ninth Circuit, an indictment is usually sufficient if it sets forth the elements of the offenses charged. *United States v. Fernandez*, 388 F.3d 1199, 1200 (9th Cir. 2004); *see also United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995). It is enough that Count Two of the indictment charges that Lee's allegedly false statement was material.

Accordingly, Lee's motion for a bill of particulars is DENIED.

**II.     Discovery**

Lee also seeks an order that the government produce requested discovery, citing Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Motion at 4-5, 8-12. Though not conceding that Lee is entitled to everything he requested, the government has

5

1  agreed to provide Lee's financial records (Request O) and tolling agreements (Request P).  Docket

2  No. 63 ("Opposition") at 4, 6-7.

3  The following discovery remains in dispute: FBI 302's, agent notes, and other summaries

4  of interviews with Lee (Request I); FBI 302's of Lee's wife, Mrs. Qingmin Liu (Request J), and of

5  other individuals allegedly connected with Crystal Massage Parlor (Request M); Contra Costa

6  Sheriff's Department's interrogation reports, crime reports, or other reports concerning the Crystal

7  Massage Parlor and individuals allegedly associated with the parlor (Request L); and

8  communications with the Contra Costa Sheriff's Department regarding those same reports

9  (Request K).  *See* Motion at 5; Kollios Decl. Ex. F.[2]

10  "Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to

11  discovery, providing that '[u]pon a defendant's request, the government must permit the defendant

12  to inspect and to copy or photograph . . . documents . . . within the government's possession,

13  custody, or control . . . [that are] material to preparing the defense . . . .'" *United States v. Doe*,

14  705 F.3d 1134, 1150 (9th Cir. 2013) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)).  "To receive

15  discovery under this Rule, the defendant must make a threshold showing of materiality, which

16  requires a presentation of facts which would tend to show that the Government is in possession of

17  information helpful to the defense."  *Id*.  (internal quotations omitted).  "Neither a general

18  description of the information sought nor conclusory allegations of materiality suffice; a defendant

19  must present facts which would tend to show that the Government is in possession of information

20  helpful to the defense."  *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (citations

21  omitted).

22  The Court finds that Lee has not made a threshold showing of materiality as to discovery

23  requests J, K, L, and M.  These are the notes of interviews with Mrs. Liu and other individuals

24  associated with the massage parlor as well as the reports and communications concerning the

25  parlor from the Contra Costa Sheriff's Department.  The government argues that these documents

---

[2] Lee states at the outset of his motion that he also seeks search or arrest warrants relating to him (Request N), but he does not brief the issue further either in his motion or in his reply. *See* Motion at 5.

United States District Court
Northern District of California

are not material because "[t]he government need not prove that the massage parlor was in fact a brothel . . . so long as the government can establish that agents developed an investigation as a result of the local action against the massage parlor and that Defendant gave false statements that were material to that investigation . . . ." Opposition at 6. Defendant Lee agrees that "it does not matter whether Defendant's wife was actually running a brothel." Reply at 6 (quoting Opposition at 5). Thus, it is difficult to understand how the information requested is material. Moreover, Lee has presented no facts tending to show that the discovery requested will be helpful to his defense. *See Mandel*, 914 F.2d at 1219. He argues, for instance, that the production "*may* contain impeachment of the government agents" and "*may* impeach the agents and their motives behind the investigation . . . ." Motion at 11 (emphasis added). These assertions regarding materiality are conclusory at best.

The materiality of Request I, by contrast, is more apparent. Lee is being charged with making false statements to federal agents on two occasions, in violation of 18 U.S.C. § 1001(a)(2). The statements that Lee allegedly made during his interviews are themselves the crimes with which he is being charged. The government, though disputing that Lee is entitled to discovery of the agents' notes of interviews with Lee, has agreed nevertheless to produce the notes "in an abundance of caution." Opposition at 4. The government believes it has produced this material already, but at the hearing, defense counsel could not confirm that this was so. Under these circumstances, the Court finds that the government should produce the discovery sought under Request I and therefore GRANTS Lee's motion to compel discovery on this issue. The parties shall meet and confer and, if they find that the government has not already produced the notes as it believes it has done, they shall so notify the Court.[3]

---

[3] At the hearing, the government asked that the Court refrain from "granting" Lee's discovery motion as a technical matter, for fear that later discovered agent notes that have not been produced will put government counsel out of compliance with a court order. Should any agent notes under Request I be discovered at a later date, the Court will not consider the government to be non-compliant with a court order if the government promptly turns the notes over to defense counsel.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES the motion for a bill of particulars. The Court DENIES the motion to compel discovery as to Requests J, K, L, and M. The Court GRANTS the motion to compel discovery as to Request I. Any later discovered material that falls within Request I shall be promptly produced to defense counsel.

**IT IS SO ORDERED**.

Dated: May 17, 2016

_____
SUSAN ILLSTON
United States District Judge