United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

JOHN CHING EN LEE,
Defendant.

Case No. 15-cr-00541-SI-1

**FINAL PRETRIAL SCHEDULING ORDER**

On June 14, 2016, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning June 28, 2016. All parties were represented by counsel. The following matters were resolved:

**1. Trial schedule:** The parties expect that the case will take 4 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Fridays). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

**2. Number of jurors and challenges:** There will be a jury of twelve members, plus 2 alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

**3. Voir dire:** The Court will conduct general voir dire, and will ask various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side

shall have up to 20 minutes total to question the panel. The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; this statement shall be provided to the Court **by Friday, June 17, 2016.**

**4. Jury instructions:** The Court received proposed jury instructions from the government and from defendant. The parties are directed to meet and confer to resolve any disputes as to the requested instructions, and to provide the Court **by Friday, June 17, 2016** with any agreed-upon revisions to the standard Ninth Circuit instructions. The Court will review same and undertake to inform counsel prior to June 28, 2016 which substantive instructions will be given.

**5. Trial exhibits:** No later than Friday, June 24, 2016, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses) and the defendant with one set.

**6. Motions in limine:** The parties filed numerous motions in limine. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Government's No. 1 and Defendant's No. 1 – motions regarding reference to alleged prostitution activities at defendant's wife's massage parlor:** DENIED as to defendant's motion. GRANTED as to the government's motion, with the limitation that the government shall not call more than one witness on this topic and that the testimony shall be for the purpose of showing how the massage parlor's allegedly illegal activities triggered DHS's investigation and how defendant's statements were material to that investigation. Defendant may seek a limiting instruction if the testimony exceeds these bounds.

**Government's No. 2 – motion to preclude reference to potential punishment:**

DENIED as overbroad and premature, without prejudice to objections as to specific questions or argument at the time of trial. Neither side shall present argument on jury nullification or discuss potential punishment with the jury.

**Government's No. 3 – motion regarding defendant's prior statements:** DENIED without prejudice to specific objections at the time of trial. The motion is premature, as the Court does not know what statements the government seeks to use or how it would use them.

**Government's No. 4 – motion to admit self-authenticating records and documents:** DENIED as moot as to the financial records, in light of the parties' representation that they have entered into a stipulation on this point. DENIED without prejudice to specific objections at the time of trial as to the remaining documents.

**Government's No. 5 – motion to allow testimony regarding defendant's wife's prior statements as non-hearsay:** DENIED without prejudice to further consideration at the time of trial. The government stated that it served defendant's wife with a subpoena on June 13, 2016. Defense counsel has represented that defendant's wife intends to testify and not to invoke the spousal privilege, and that counsel will notify the Court if it learns otherwise. If defendant's wife testifies, the government may directly examine her and will not need to introduce separately her prior statements.

**Government's No. 6 – motion to allow evidence regarding defendant's prior conviction:** DENIED without prejudice to further consideration at the time of trial based on any testimony from defendant or from defendant's wife.

**Government's No. 7 – motion to preclude the defense from inviting jury nullification:** DENIED as overbroad and premature, without prejudice to specific objections to specific argument at the time of trial. Neither side shall present argument on jury nullification or discuss potential punishment with the jury. *See also* Government's No. 2, *supra*.

**Defendant's No. 2 – motion to exclude financial records or summaries:** DENIED as moot. The parties have represented that they have entered into a stipulation on this point.

**Defendant's No. 3 – motion to exclude reference to defendant's statements that he has a "cash fetish":** DENIED as moot. The government has agreed not to introduce these statements.

United States District Court
Northern District of California

**Defendant's No. 4 – motion to exclude reference to defendant's refusal to take a polygraph test:** DENIED as moot. The government has agreed not to introduce this refusal.

**Defendant's No. 5 – motion to exclude reference to defendant's 2012 misdemeanor conviction for domestic violence:** DENIED without prejudice to further consideration at the time of trial based on any testimony from defendant or from defendant's wife. *See also* Government's No. 6, *supra*.

**7. Other matters:**

A. The government is permitted and ordered to provide to defense counsel forthwith with copies of the Grand Jury testimony of any witnesses who will be called by the government. Further, any other Jencks/witness statement materials shall be produced to defendant no later than June 24, 2016.

B. At the pretrial conference, defense counsel requested that the government be ordered to produce internal documents or communications reflecting the "purpose, scope and content" of the OIG-DHS investigation of defendant, as set out in the government's "brief summary of expected testimony" by Special Agent-in-Charge Thomas Meyer. The government objected, both because it contends that such matters are beyond the scope of Rule 16 and because they now do not expect to call Special Agent-in-Charge Meyer to testify to all these things. The Court reserves judgment on the question until the testimony of Meyer and of the three other Special Agents on the witness list.

**IT IS SO ORDERED**.

Dated: June 15, 2016

SUSAN ILLSTON
United States District Judge