UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 15-cr-00541-SI-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: JURY INSTRUCTIONS** |
| JOHN CHING EN LEE, | |
| Defendant. | |

The parties have each filed proposed jury instructions. Docket Nos. 96, 100, 106. Pursuant to the Court's final pretrial scheduling order, the parties have also filed joint preliminary jury instructions and objections to each other's proposed jury instructions. Docket Nos. 107, 110, 111. The Court hereby rules as follows as to the instructions:

| No. | 9th Cir. Model No. | Title | Agreed/ Disputed By | Given/ Not Given |
|---|---|---|---|---|
| **PRELIMINARY INSTRUCTIONS** | | | | |
| Joint 1 | 1.1 | Duty of Jury | Parties agree | Given |
| Joint 2 | 1.2 (with modifications) | The Charge - Presumption of Innocence | Parties agree | Given |
| Joint 3 | 1.3 | What is Evidence | Parties agree | Given |
| Joint 4 | 1.4 | What is Not Evidence | Parties agree | Given |
| Joint 5 | 1.5 | Direct and Circumstantial Evidence | Parties agree | Given |
| Joint 6 | 1.6 | Ruling on Objections | Parties agree | Given |
| Joint 7 | 1.7 | Credibility of Witnesses | Parties agree | Given |

| | | | | |
|---|---|---|---|---|
| Joint 8 | 1.8 | Conduct of the Jury | Parties agree | Given |
| Joint 9 | 1.9 | No Transcript Available to Jury | Parties agree | Given |
| Joint 10 | 1.10 | Taking Notes | Parties agree | Given |
| Joint 11 | 1.11 (with modifications) | Outline of Trial | Parties agree | Given |
| Joint 12 | 1.12 (with modifications) | Jury to Be Guided by Official English Translation | Parties agree | Given |
| Joint 13 | N/A | Federal Agent's Testimony | Govt objects | Not Given |
| **INSTRUCTIONS IN THE COURSE OF TRIAL** | | | | |
| Joint 14 | 2.1 | Cautionary Instruction - First Recess | Parties agree | Given |
| Joint 15 | 2.2 | Bench Conferences and Recesses | Parties agree | Given |
| Joint 16 | 2.4 | Stipulations of Fact | Parties agree | Given |
| Joint 17 | 2.9 | Foreign Language Testimony (if necessary) | Parties agree | Given, if necessary |
| **INSTRUCTIONS AT END OF CASE** | | | | |
| Govt 15, Def 18[1] | 3.1 | Duties of Jury to Find Facts and Follow Law | Parties agree | Given |
| Govt 16, Def 19 | 3.2 (with modifications) | Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof | Parties agree | Given |
| Govt 17, Def 20 | 3.3 | Defendant's Decision Not to Testify (if necessary) | Parties agree | Given, if necessary |
| Govt 18, Def 21 | 3.4 | Defendant's Decision to Testify (if necessary) | Parties agree | Given, if necessary |

---

[1] References to defendant's jury instructions are to the revised instructions filed June 17, 2016. *See* Docket No. 106.

2

| | | | | |
|---|---|---|---|---|
| Govt 19, Def 22 | 3.5 | Reasonable Doubt - Defined | Parties agree | Given |
| Gov 20, Def 23 | 3.6 | What is Evidence | Parties agree | Given |
| Govt 21, Def 24 | 3.7 | What is Not Evidence | Parties agree | Given |
| Govt 22, Def 25 | 3.8 | Direct and Circumstantial Evidence | Parties agree | Given |
| Govt 23, Def 26 | 3.9 | Credibility of Witnesses | Parties agree | Given |
| Def 27 | N/A | Federal Agent Testimony | Govt objects | Not Given |
| Govt 24, Def 28 | 3.10 (with modifications) | Activities Not Charged | Parties agree | Given |
| Govt 25, Def 29 | 3.11 | Separate Consideration of Multiple Counts - Single Defendant | Parties agree | Given |
| Def 30 | 3.19 | Jury to Be Guided by Official English Translation (if necessary) | Parties agree | Given, if necessary |
| **CONSIDERATION OF PARTICULAR EVIDENCE** | | | | |
| Govt 26, Def 31 | 4.1 | Statements by Defendant | Parties agree | Given |
| Govt 27 | 4.6 | Impeachment, Prior Conviction of Defendant (if necessary) | Govt requested | Given, if necessary |
| Govt 28 | 4.8 | Impeachment Evidence - Witness (if necessary) | Govt requested | Given, if necessary |
| Govt 29 | 4.15 | Summaries Not Received in Evidence (if necessary) | Govt requested | Given, if necessary |

| | | | | |
|---|---|---|---|---|
| Govt 30 | 4.16 | Charts and Summaries in Evidence (if necessary) | Govt requested | Given, if necessary |
| **SPECIFIC DEFENSES** | | | | |
| Def 32 | N/A | Good Faith Defense | Govt objects | Not Given |
| **JURY DELIBERATIONS** | | | | |
| Govt 34, Def 33 | 7.1 | Duty to Deliberate | Parties agree | Given |
| Govt 35, Def 34 | 7.2 | Consideration of Evidence | Parties agree | Given |
| Govt 36, Def 35 | 7.3 | Use of Notes | Parties agree | Given |
| Govt 37 | 7.4 | Jury Consideration of Punishment | Govt requested | Given |
| Govt 38, Def 36 | 7.5 | Verdict Form | Parties agree | Given |
| Govt 39, Def 37 | 7.6 | Communication with Court | Parties agree | Given |
| **OFFENSES UNDER TITLE 18** | | | | |
| Govt 31 | 8.73 (with modifications) | False Statement to Government Agency | Def objects | See Court Instruction, infra |
| Def 38 | 8.73 (with modifications) | Making a False Statement to Government Agency - Count 1 | Govt objects | See Court Instruction, infra |
| Def 39 | 8.73 (with modifications) | Making a False Statement to Government Agency - Count 2 | Govt objects | See Court Instruction, infra |

| Govt 32 | 3.20 | On or About - Defined | Govt requested | Given |
| Govt 33 | 5.6 | Knowingly - Defined | Govt requested | Given |
| **MISCELLANEOUS** | | | | |
| Def 40 | N/A | Power of the Jury | Govt objects | Not Given |

Jury instructions as to the offense of Making a False Statement to a Government Agency shall read as follows:

**FALSE STATEMENT TO**
**GOVERNMENT AGENCY**
**(18 U.S.C. § 1001) – Count One**

Mr. Lee is charged in Count One with knowingly and willfully making a false statement on or about August 26, 2009, in a matter within the jurisdiction of a governmental agency or department, the Department of Homeland Security, in violation of Section 1001 of Title 18 of the United States Code.  In order for Mr. Lee to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Lee made a false statement in a matter within the jurisdiction of the Department of Homeland Security;

Second, Mr. Lee acted willfully; that is, Mr. Lee acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement was material to the activities or decisions of the Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

The statement charged in Count One is that Mr. Lee stated:

[LIST STATEMENTS INTRODUCED AT TRIAL]

**FALSE STATEMENT TO GOVERNMENT AGENCY**
**(18 U.S.C. § 1001) – Count Two**

Mr. Lee is charged in Count Two with knowingly and willfully making a false statement on or about October 10, 2013, in a matter within the jurisdiction of a governmental agency or department, the Department of Homeland Security, in violation of Section 1001 of Title 18 of the United States Code. In order for Mr. Lee to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Lee made a false statement in a matter within the jurisdiction of the Department of Homeland Security;

Second, Mr. Lee acted willfully; that is, Mr. Lee acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement was material to the activities or decisions of the Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

The statement charged in Count Two is that Mr. Lee stated:

[LIST STATEMENTS INTRODUCED AT TRIAL]

If the government charges more than one false statement in either Count One or Count Two, the Court will give a specific unanimity instruction. If the government charges one statement in each count, the Court finds that no separate unanimity instruction will be required.

The Court also notes that the government is incorrect that "the defendant adds the requirement that the defendant knew 'that his conduct was unlawful.'" *See* Docket No. 110 at 4. This language appears in the Ninth Circuit Model Criminal Instruction 8.73 and is explained by the comment citing *Ajoku v. United States*, 134 S. Ct. 1872 (Mem.) (2014). The government included this same requirement in its own proposed jury instruction number 31. *See* Docket No. 100 at 36-37. The Court therefore retains this language in the jury instruction.

**IT IS SO ORDERED**.

Dated: June 22, 2016

_____
SUSAN ILLSTON
United States District Judge