UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JOHN CHING EN LEE,<br><br>        Defendant. | Case No.  15-cr-00541-SI-1<br><br>**JURY INSTRUCTIONS** |

**TABLE OF CONTENTS**

**Preliminary Instructions**

**Jury Instruction No. 1** — Duty of Jury

**Jury Instruction No. 2** — The Charge – Presumption of Innocence

**Jury Instruction No. 3** — What is Evidence

**Jury Instruction No. 4** — What is Not Evidence

**Jury Instruction No. 5** — Direct and Circumstantial Evidence

**Jury Instruction No. 6** — Ruling on Objections

**Jury Instruction No. 7** — Credibility of Witnesses

**Jury Instruction No. 8** — Conduct of the Jury

**Jury Instruction No. 9** — No Transcript Available to Jury

**Jury Instruction No. 10** — Taking Notes

**Jury Instruction No. 11** — Outline of Trial

**Jury Instruction No. 12** — Jury to be Guided by Official English Interpretation

**Instructions in the Course of Trial**

**Jury Instruction No. 13** — Cautionary Instruction – First Recess

**Jury Instruction No. 14** — Bench Conferences and Recesses

**Jury Instruction No. 15** — Stipulations of Fact

**Jury Instruction No. 16** — Foreign Language Testimony (*if necessary*)

**Instructions at End of Case**

**Jury Instruction No. 17** — Duties of Jury to Find Facts and Follow Law

**Jury Instruction No. 18** — Charge against Defendant Not Evidence – Presumption of Innocence – Burden of Proof

**Jury Instruction No. 19** — Defendant's Decision Not to Testify (*if necessary*)

**Jury Instruction No. 20** — Defendant's Decision to Testify (*if necessary*)

**Jury Instruction No. 21** — Reasonable Doubt – Defined

**Jury Instruction No. 22** — What is Evidence

**Jury Instruction No. 23** — What is Not Evidence

United States District Court
Northern District of California

2

**Jury Instruction No. 24** — Direct and Circumstantial Evidence

**Jury Instruction No. 25** — Credibility of Witnesses

**Jury Instruction No. 26** — Activities Not Charged

**Jury Instruction No. 27** — Separate Consideration of Multiple Counts – Single Defendant

**Jury Instruction No. 28** — Jury to be Guided by Official English Interpretation (*if necessary*)

**Offenses Under Title 18**

**Jury Instruction No. 29** — False Statement to Government Agency (18 U.S.C. § 1001) – Count One

**Jury Instruction No. 30** — False Statement to Government Agency (18 U.S.C. § 1001) – Count Two

**Jury Instruction No. 31** — On or About – Defined

**Jury Instruction No. 32** — Knowingly – Defined

**Consideration of Particular Evidence**

**Jury Instruction No. 33** — Impeachment, Prior Conviction of Defendant (*if necessary*)

**Jury Instruction No. 34** — Impeachment Evidence – Witness (*if necessary*)

**Jury Instruction No. 35** — Summaries Not Received in Evidence (*if necessary*)

**Jury Instruction No. 36** — Charts and Summaries in Evidence (*if necessary*)

**Jury Deliberations**

**Jury Instruction No. 37** — Duty to Deliberate

**Jury Instruction No. 38** — Consideration of Evidence

**Jury Instruction No. 39** — Use of Notes

**Jury Instruction No. 40** — Jury Consideration of Punishment

**Jury Instruction No. 41** — Verdict Form

**Jury Instruction No. 42** — Communication with Court

United States District Court
Northern District of California

**PRELIMINARY INSTRUCTIONS**

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 1 — DUTY OF JURY**

[Model Instruction 1.1]


Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**JURY INSTRUCTION NO. 2 — THE CHARGE – PRESUMPTION OF INNOCENCE**

[Model Instruction 1.2 (*with modifications*)]

This is a criminal case brought by the United States government.  The government charges Mr. Lee with violations of Title 18, United States Code, Section 1001.

Mr. Lee has pleaded not guilty to the charges.  Mr. Lee is presumed to be innocent unless and until the government proves that he is guilty beyond a reasonable doubt.  In addition, Mr. Lee does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

Mr. Lee is charged in Counts One and Two with knowingly and willfully making false statements in a matter within the jurisdiction of a governmental agency or department, the United States Department of Homeland Security, in violation of Section 1001 of Title 18 of the United States Code.  In order for Mr. Lee to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Lee made a false statement in a matter within the jurisdiction of the United States Department of Homeland Security;

Second, Mr. Lee acted willfully; that is, Mr. Lee acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement was material to the activities or decisions of the United States Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

United States District Court
Northern District of California

6

**JURY INSTRUCTION NO. 3 — WHAT IS EVIDENCE**

[Model instruction 1.3]

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness; and

    (2) the exhibits which are received in evidence; and

    (3) any facts to which the parties agree.

**JURY INSTRUCTION NO. 4 — WHAT IS NOT EVIDENCE**

[Model Instruction 1.4]


The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 5 — DIRECT AND CIRCUMSTANTIAL EVIDENCE**

[Model Instruction 1.5]

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 6 — RULING ON OBJECTIONS**

[Model Instruction 1.6]


There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 7 — CREDIBILITY OF WITNESSES**

[Model Instruction 1.7]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**JURY INSTRUCTION NO. 8 — CONDUCT OF THE JURY**

[Model Instruction 1.8]

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

United States District Court
Northern District of California

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**JURY INSTRUCTION NO. 9 — NO TRANSCRIPT AVAILABLE TO JURY**

2

[Model Instruction 1.9]

3

4

At the end of the trial you will have to make your decision based on what you recall of the

5

evidence.   You will not have a written transcript of the trial.   I urge you to pay close attention to

6

the testimony as it is given.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 10 — TAKING NOTES**

[Model Instruction 1.10]

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**JURY INSTRUCTION NO. 11 — OUTLINE OF TRIAL**

[Model Instruction 1.11 (*with modifications*)]


The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for Mr. Lee may cross-examine. Then, if Mr. Lee chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

**JURY INSTRUCTION NO. 12 — JURY TO BE GUIDED BY OFFICIAL ENGLISH INTERPRETATION**

[Model Instruction 1.12 (*with modifications*)]

A language other than English may be used for some evidence during this trial.  If a witness testifies in another language, the witness will do so through an official court interpreter.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation provided through the official court interpreters.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation.

You must not make any assumptions about a witness based solely upon the use of an interpreter to assist that witness.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**INSTRUCTIONS IN THE COURSE OF TRIAL**

**JURY INSTRUCTION NO. 13 — CAUTIONARY INSTRUCTION – FIRST RECESS**

[Model Instruction 2.1]

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

1

**JURY INSTRUCTION NO. 14 — BENCH CONFERENCES AND RECESSES**

2

[Model Instruction 2.2]

3

4      From time to time during the trial, it may become necessary for me to take up legal matters

5   with the attorneys privately, either by having a conference at the bench or, when necessary, by

6   calling a recess.

7      We will do what we can to keep the number and length of these conferences to a minimum.

8   I may not always grant an attorney's request for a conference.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 15 — STIPULATIONS OF FACT**

[Model Instruction 2.4]

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**JURY INSTRUCTION NO. 16 — FOREIGN LANGUAGE TESTIMONY** (*if necessary*)

[Model Instruction 2.9]

You are about to hear testimony of a witness who will be testifying in the Mandarin language.  This witness will testify through the official court interpreter.  Although some of you may know Mandarin language, it is important that all jurors consider the same evidence.  Therefore, you must accept the official English translation of the witness's testimony even if you would translate it differently.  In this way, all jurors are considering the same evidence.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTIONS AT END OF CASE**

**JURY INSTRUCTION NO. 17 — DUTIES OF JURY TO FIND FACTS
AND FOLLOW LAW**

[Model Instruction 3.1]

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

United States District Court
Northern District of California

24

**JURY INSTRUCTION NO. 18 — CHARGE AGAINST DEFENDANT NOT EVIDENCE –**

**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

[Model Instruction 3.2, *with modifications*]

Mr. Lee has pleaded not guilty to the charges.  Mr. Lee is presumed to be innocent unless and until the government proves that he is guilty beyond a reasonable doubt.  In addition, Mr. Lee does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 19 — DEFENDANT'S DECISION NOT TO TESTIFY**

(*if necessary*)

[Model Instruction 3.3]


A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that Mr. Lee did not testify.

**JURY INSTRUCTION NO. 20 — DEFENDANT'S DECISION TO TESTIFY** (*if necessary*)

[Model Instruction 3.4]


Mr. Lee has testified. You should treat this testimony just as you would the testimony of any other witness.

**JURY INSTRUCTION NO. 21 — REASONABLE DOUBT – DEFINED**

[Model Instruction 3.5]

Proof beyond a reasonable doubt is proof that leaves you firmly convinced Mr. Lee is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that Mr. Lee is guilty, it is your duty to find Mr. Lee not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that Mr. Lee is guilty, it is your duty to find Mr. Lee guilty.

# JURY INSTRUCTION NO. 22 — WHAT IS EVIDENCE

[Model Instruction 3.6]

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 23 —  WHAT IS NOT EVIDENCE**

[Model Instruction 3.7]


In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:


1. Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.


2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]


3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 24 —  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

[Model Instruction 3.8]

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 25 — CREDIBILITY OF WITNESSES**

[Model Instruction 3.9]

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 26 — ACTIVITIES NOT CHARGED

[Model Instruction 3.10, *with modifications*]

You are here only to determine whether Mr. Lee is guilty or not guilty of the two charges of making a false statement to a government agency.  Mr. Lee is not on trial for any other conduct or offense, including the conduct of others.

**JURY INSTRUCTION NO. 27 — SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT**

[Model Instruction 3.11]

A separate crime is charged against Mr. Lee in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 28 — JURY TO BE GUIDED BY OFFICIAL ENGLISH**

**INTERPRETATION** (*if necessary*)

[Model Instruction 3.19]

The Mandarin language has been used during this trial.

The evidence you are to consider is only that provided through the official court interpreters.  Although some of you may know the Mandarin language, it is important that all jurors consider the same evidence.  Therefore, you must accept the evidence presented in the English interpretation and disregard any different meaning.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**OFFENSES UNDER TITLE 18**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 29 — FALSE STATEMENT TO GOVERNMENT AGENCY**

**(18 U.S.C. § 1001) – COUNT ONE**

[Model Instruction 8.73, *with modifications*]


Mr. Lee is charged in Count One with knowingly and willfully making a false statement on or about August 26, 2009, in a matter within the jurisdiction of a governmental agency or department, the United States Department of Homeland Security, in violation of Section 1001 of Title 18 of the United States Code.  In order for Mr. Lee to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Lee made a false statement in a matter within the jurisdiction of the Department of Homeland Security;

Second, Mr. Lee acted willfully; that is, Mr. Lee acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement was material to the activities or decisions of the Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

The statement charged in Count One is that Mr. Lee stated:

[LIST STATEMENTS INTRODUCED AT TRIAL]

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 30 — FALSE STATEMENT TO GOVERNMENT AGENCY**

**(18 U.S.C. § 1001) – COUNT TWO**

[Model Instruction 8.73, *with modifications*]

Mr. Lee is charged in Count Two with knowingly and willfully making a false statement on or about October 10, 2013, in a matter within the jurisdiction of a governmental agency or department, the United States Department of Homeland Security, in violation of Section 1001 of Title 18 of the United States Code.  In order for Mr. Lee to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Lee made a false statement in a matter within the jurisdiction of the Department of Homeland Security;

Second, Mr. Lee acted willfully; that is, Mr. Lee acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement was material to the activities or decisions of the Department of Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

The statement charged in Count Two is that Mr. Lee stated:

[LIST STATEMENTS INTRODUCED AT TRIAL]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 31 — ON OR ABOUT— DEFINED**

[Model Instruction 3.20]

It is charged that the offenses alleged in Counts One and Two were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in Counts One and Two, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**JURY INSTRUCTION NO. 32 —  KNOWINGLY—DEFINED**

[Model Instruction 5.6]


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.   You may consider evidence of Mr. Lee's words, acts, or omissions, along with all the other evidence, in deciding whether Mr. Lee acted knowingly.

1
2
3
4
5
6
7      **CONSIDERATION OF PARTICULAR EVIDENCE**
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 33 — IMPEACHMENT, PRIOR CONVICTION OF

## DEFENDANT (*if necessary*)

[Model Instruction 4.6]

You have heard evidence that Mr. Lee has previously been convicted of a crime.  You may consider that evidence only as it may affect Mr. Lee's believability as a witness.  You may not consider a prior conviction as evidence of guilt of the crime for which Mr. Lee is now on trial.

**JURY INSTRUCTION NO. 34 — IMPEACHMENT EVIDENCE –WITNESS**

(*if necessary*)

[Model Instruction 4.8]

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

United States District Court
Northern District of California

43

1

**JURY INSTRUCTION NO. 35 — SUMMARIES NOT RECEIVED IN EVIDENCE**

2

(*if necessary*)

3

[Model Instruction 4.15]

4

5

      During the trial, certain charts and summaries were shown to you in order to help explain

6

the evidence in the case.  These charts and summaries were not admitted in evidence and will not

7

go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they

8

do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard

9

these charts and summaries and determine the facts from the underlying evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 36 — CHARTS AND SUMMARIES IN EVIDENCE**

(*if necessary*)

[Model Instruction 4.16]


Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

1

2

3

4

5

6

7 **JURY DELIBERATIONS**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. 37 — DUTY TO DELIBERATE

[Model Instruction 7.1]


When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 38 — CONSIDERATION OF EVIDENCE —**

**CONDUCT OF THE JURY**

[Model Instruction 7.2]


Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.   Except for discussing the case with your fellow jurors during your deliberations:


Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.   This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.   This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.   If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.


Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.


The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.   If any juror is exposed to any outside information, please notify the court immediately.

**JURY INSTRUCTION NO. 39 — USE OF NOTES**

[Model Instruction 7.3]


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 40 — JURY CONSIDERATION OF PUNISHMENT**

2

[Model Instruction 7.4]

3

4       The punishment provided by law for this crime is for the court to decide.  You may not

5   consider punishment in deciding whether the government has proved its case against Mr. Lee

6   beyond a reasonable doubt.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 41 — VERDICT FORM**

[Model Instruction 7.5]


A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**JURY INSTRUCTION NO. 42 — COMMUNICATION WITH COURT**

[Model Instruction 7.6]

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.