UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN CHING EN LEE,<br><br>Defendant. | Case Nos. 15-cr-00541-SI-1<br>18-cv-06223-SI<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255; DENYING DEFENDANT'S MOTION TO AMEND § 2255 MOTION; AND GRANTING DEFENDANT'S MOTION TO FILE REPLY BRIEF**<br><br>Re: Dkt. Nos. 164, 165, 183, 188 |

Now before the Court are several motions filed by defendant John Ching En Lee, who was serving a term of federal probation and who is currently representing himself *pro se*. For the reasons set forth below, the Court DENIES Lee's motion for relief under 28 U.S.C. § 2255 (Dkt. Nos. 164, 165); DENIES Lee's motion to amend his § 2255 motion (Dkt. No. 183); and GRANTS Lee's motion for leave to file a reply brief (Dkt. 188). A certificate of appealability will not issue.

**PROCEDURAL BACKGROUND**

In an indictment filed in November 2015, Lee was charged with two counts of making false statements to the government in violation of 18 U.S.C. § 1001(a), based upon statements he made in interviews with government agents on August 26, 2009, and October 10, 2013. Dkt. No. 42. On June 30, 2016, a jury found defendant guilty of both counts. Dkt. No. 123. Lee then moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 or a for a new trial under Rule 33. On September 20, 2016, the Court denied Lee's motion for judgment of acquittal or a new trial on Count One but granted his motion for judgment of acquittal on Count Two. Dkt. No. 144. On October 14, 2016, the Court sentenced Lee to two years of probation, with a special assessment of

$100 and a fine of $500.  Dkt. No. 154.

Lee then filed a direct appeal with the United States Court of Appeals for the Ninth Circuit.  On June 6, 2018, in an unpublished memorandum, the Ninth Circuit affirmed this Court's denial of defendant's motion for judgment of acquittal on Count One.  Dkt. No. 163; *see also United States v. Lee*, 726 Fed. App'x 589 (9th Cir. 2018).

On October 10, 2018, Lee filed in this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Dkt. Nos. 164, 165.  The government moved to dismiss Lee's motion, arguing that the motion was not ripe because Lee was seeking review of the Ninth Circuit's decision before the United States Supreme Court.  Dkt. No. 171.  This Court denied the government's motion to dismiss but stayed briefing on the § 2255 motion pending the Supreme Court's review of Lee's petition for a writ of certiorari.  Dkt. No. 173.

After the Supreme Court denied Lee's petition on February 19, 2019, *see* Dkt. No. 174, briefing on Lee's § 2255 motion resumed.  The government filed an opposition brief, attaching Lee's opening brief in his direct appeal before the Ninth Circuit.  Dkt. No. 179.  Lee requested and received an extension of time to file his reply brief, making his reply due on May 29, 2019.  Dkt. Nos. 181, 182.  On May 16, 2019, Lee filed a motion to amend his § 2255 motion, which the government opposed.  Dkt. Nos. 183, 186.  On May 24, 2019, Lee filed a request for extension of time to file his reply brief on the § 2255 motion.  Dkt. No. 184.  The Court vacated the reply deadline pending its ruling on the motion to amend.  Dkt. No. 185.  However, on June 20, 2019, Lee filed a motion requesting the Court's leave to accept his reply brief to the § 2255 motion and attaching the proposed reply brief.  Dkt. No. 188.[1]

**LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct

---

[1] The Court GRANTS Lee's request that the Court accept his reply brief to the § 2255 motion and deems as FILED the reply brief attached to Lee's motion for leave to file a reply brief.  *See* Dkt. No. 188.  The Court has considered the reply brief in ruling on the pending motions decided in this Order.

2

the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

Section 2255 requires that an evidentiary hearing be held unless the record conclusively reveals that the petitioner is not entitled to relief. *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). "The petitioner need not detail his evidence, but must only make specific factual allegations which, if true, would entitle him to relief." *Id.* (internal alteration and citations omitted). An evidentiary hearing need not be held where the petition, files, and record of the case conclusively show the petitioner is entitled to no relief. *Id.*; *see also United States v. Howard*, 381 F.3d 873, 877-79 (9th Cir. 2004) (a claim for ineffectiveness based on counsel's failure to address defendant's incompetence to plead guilty required an evidentiary hearing where specific, credible evidence existed that defendant was under the influence of powerful narcotic drugs). The district court may deny a § 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See Mejia-Mesa*, 153 F.3d at 931 (district court did not abuse discretion in denying evidentiary hearing on claims that failed to state a claim for relief under § 2255 as a matter of law).

**DISCUSSION**

Lee currently stands convicted of Count One of the indictment, for a violation of 18 U.S.C. § 1001(a). That count charged Lee with "making false statements to representatives of the Department of Homeland Security about his involvement in providing funding to the owner of

3

Crystal Massage Parlor [i.e., Lee's wife], who was arrested for prostitution in relation to the Crystal Massage Parlor. The statements and representations were false because JOHN CHING EN LEE then and there knew that he had provided $30,000 to the owner to fund the Crystal Massage Parlor." Dkt. No. 42 at 1-2.

Prior to the start of trial, Lee's counsel had proposed that the Court instruct the jury on "specific unanimity," in the form of the following proposed instruction:

> In order for Mr. Lee to be found guilty on Count One, you all must agree that one or more of the following statements was materially false and made with Mr. Lee's knowledge that both the statement was untrue and that his conduct was unlawful, with all of you unanimously agreeing as to which statement or statements so qualify. In other words, even if you all agree that Mr. Lee made at least one false statement, but all of you do not agree on which specific statement was false, the crime of Making a False Statement has not been proven beyond a reasonable doubt.
>
> [LIST STATEMENTS INTRODUCED AT TRIAL]

Dkt. No. 106 at 43-44. The Court indicated in a subsequent Order that "[i]f the government charges more than one false statement in . . . Count One . . ., the Court will give a specific unanimity instruction. If the government charges one statement in each count, the Court finds that no separate unanimity instruction will be required." Dkt. No. 113 at 6.

During the course of trial, the parties reached an agreement on how to describe the false statements in the instructions. *See* Dkt. No. 137, Tr. at 501:2-15, 562:23-563:1. The parties submitted their agreement to the Court's clerk and the final jury instruction on Count One read, in relevant part, "The statement charged in Count One is that Mr. Lee stated: 'No' to the question whether he gave his wife any money to fund her business." Dkt. No. 121 at 36 (Jury Instr. No. 28).

**I.     Section 2255 Motion**

In his § 2255 motion, Lee makes two interrelated arguments. First, he argues that his trial counsel provided ineffective assistance in violation of the Sixth Amendment "by stipulating in jury instructions the exact question asked by the agent and exact answer given by defendant." Dkt. No. 164 at 2.[2] Second, Lee argues that the trial court violated his Sixth Amendment rights when it gave

---

[2] Because some of Lee's briefs lack page numbers, citations in this Order to page numbers in his briefs refer to the page numbers provided by the Court's Electronic Case Filing (ECF) system.

the above jury instruction that contained the stipulation his lawyer entered.

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees not only assistance, but effective assistance, of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The purpose of the right is to ensure a fair trial, and the benchmark for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* To prevail on an ineffective assistance claim, a habeas petitioner must show that (1) counsel's performance was "deficient," i.e., his "representation fell below an objective standard of reasonableness" under prevailing professional norms, *id.* at 687-88, and (2) prejudice flowed from counsel's performance, i.e., that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *See id.* at 691-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A difference of opinion as to trial tactics does not constitute denial of effective assistance, *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981), and tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984). Tactical decisions of trial counsel deserve deference when: (1) counsel in fact bases trial conduct on strategic considerations; (2) counsel makes an informed decision based upon investigation; and (3) the decision appears reasonable under the circumstances. *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The Court finds that Lee's claim for ineffective assistance of counsel fails because he cannot meet the first prong of the *Strickland* test; that is, he cannot show that his trial counsel's stipulation

to the statement contained in Jury Instruction No. 28 was deficient. Although Lee did not raise an ineffective assistance of counsel claim on direct appeal, he did litigate the issue at the heart of the claim, which is whether it was error for the Court to fail to give a specific unanimity instruction. The Ninth Circuit found that "a specific unanimity instruction was not required in this case. The general unanimity instruction was sufficient to charge the jury on the relevant case law as there was considerable evidence presented at trial to support the parties' stipulation regarding the false statement Lee allegedly made." *Lee*, 726 Fed. App'x at 590. Under these circumstances, where the Ninth Circuit has squarely ruled that the evidence at trial supported the stipulation, this Court simply cannot find that trial counsel's decision to enter the stipulation was "deficient" under the definition in *Strickland* rather than simply a matter of trial tactics.

Because Lee cannot meet the first prong of *Strickland*, the Court need not analyze whether Lee is able to meet the second prong regarding prejudice. Nevertheless, the Court notes that Lee's argument on the prejudice prong amounts to little more than speculation that if the jury had received a specific unanimity instruction, then it would not have convicted him on Count One. *See* Dkt. No. 164 at 3 (arguing that "[t]he error was prejudicial because uncertainty defeats an 18 USC 1001 conviction. US v. Jiang, 476 F.3d 1026, 1029 (9th Cir. 2007)"); Dkt. No. 188 at 12 ("Defendant suffered prejudice[] because he was wrongfully convicted as a result of the faulty jury instruction.").

### B. Jury Instruction

Lee also argues that this Court "violated defendant's 6th Amendment rights by agreeing with an erroneous jury instruction" based upon the stipulation entered by his attorney. Dkt. No. 164 at 3. Lee argues that this was error because, by accepting an instruction with the stipulation, the Court "wrongfully resolved the 8 different versions of that question [asked by the agent] into 1 clear statement." *Id.* In opposition, the government argues that the Ninth Circuit rejected Lee's contention on his direct appeal, and that "it is improper to use a petition under Section 2255 to re-litigate that same issue, in the guise of an ineffective assistance claim or a claim of other error." Dkt. No. 179 at 10.

Section 2255 may not be used as a chance at a second appeal. *United States v. Berry*, 624

F.3d 1031, 1038 (9th Cir. 2010) (citing *United States v. Addonizio*, 442 U.S. 178, 184 (1979)). Claims presented and rejected on direct appeal may not be litigated again in a § 2255 motion. *See United States v. Scrivner*, 189 F.3d 825, 828 (9th Cir. 1999). Moreover, "[u]nder the law of the case doctrine, a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (citing *Jeffries v. Wood*, 114 F.3d 1484, 1488-89 (9th Cir. 1997) (en banc)).

In *Scrivner*, after the defendant was convicted in a jury trial, he filed a direct appeal, arguing that the district court violated his Fifth Amendment rights when it admitted an affidavit into evidence in which he asserted his ownership over a gun that the government had seized during a search of his home. The Ninth Circuit rejected this argument, finding he had waived his right to invoke the Fifth Amendment in the civil proceeding over forfeiture of the gun. *Scrivner*, 189 F.3d at 827. The defendant then filed a petition for relief under 28 U.S.C. § 2255 with the district court, arguing that there had been a change in the law. The district court rejected his § 2255 motion, and the Ninth Circuit affirmed. The Ninth Circuit explained that the defendant had presented his Fifth Amendment claim in his direct appeal and that it had been denied on the merits. As such, "[t]hat decision is binding on our resolution of the case. *See Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ('The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.')." *Id.* at 828.

The same is true here. Lee concedes that he raised the argument regarding the allegedly erroneous jury instruction on his direct appeal. *See* Dkt. No. 165 at 5. His opening brief at the Ninth Circuit also shows that he argued on appeal that "the district court erred because there is insufficient evidence to determine what was the exact statement that was uttered[,]" pointing to an alleged eight different versions of the question that the agents asked. *See* Dkt. No. 179-1 at 19. However, he now argues in his reply brief that this claim should not be barred because, according to Lee, "a court may depart from the law of the case if . . . the decision is clearly erroneous and its enforcement would work a manifest injustice." Dkt. No. 188 at 17 (citing *Gonzalez*, 677 F.3d at 390 n.4). Lee provides no argument in support of his assertion that the Ninth Circuit's decision was "clearly erroneous." Rather, in his § 2255 motion and the reply brief, he simply restates the same arguments that the

7

Ninth Circuit has already considered and rejected. He also raised these arguments in his post-trial motions before this Court, and this Court rejected them. *See* Dkt. No. 144 at 3 ("Defendant argues, in part, that his conviction on Count One cannot stand because the government 'did not offer sufficient evidence to prove beyond a reasonable doubt the exchange that was false, *i.e.*, the precise question asked and the answer that was false.'"). Because these issues were previously litigated and decided in this case, they are not proper grounds for a § 2255 motion. *See Berry*, 624 F.3d at 1038.[3] Nor does the Court find that the decisions already rendered were clearly erroneous such as to warrant departing from the law of the case. Accordingly, the Court DENIES Lee's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II. Motion to Amend Section 2255 Motion

In the motion requesting permission to amend his § 2255 motion, Lee states that in addition to the ineffective assistance of counsel claim raised in the original motion, he would like "to add 1 additional claim, that is, insufficient evidence to prove he made a false statement . . . ." Dkt. No. 183 at 1. He argues that the evidence at trial cannot support his conviction because "testimony by Agent John Henderson clearly shows the alleged funding question was never asked, and defendant never made a false denial." *Id.* at 2. Citing to the transcript of the trial, he states that the two agents who testified gave testimony that contradicted each other, that "[t]he so-called funding question was nothing more than Agent John Henderson's **own characterization** of income-sharing question posed by Agent Fuentes[,]" and that "[t]he government's allegation that defendant made [a] false statement was actually Agent Henderson's own **Assumption/Speculation** after hearing defendant's response of not sharing money with [his] wife." *Id.* at 3. Lee concedes that "the issue of false statement was raised and rejected on appeal at the 9th Circuit" but argues that because the evidence

---

[3] Lee raises one argument here that was arguably not raised on direct appeal, when he takes the position that the agents never asked him the funding question at all. However, this argument cannot be squared with the Ninth Circuit's finding that "there was considerable evidence presented at trial to support the parties' stipulation regarding the false statement Lee allegedly made." *See Lee*, 726 Fed. App'x at 590. Moreover, arguments that should have been raised on direct appeal but that were not, such as this one, may not then form the basis for a § 2255 motion. *See Torres v. United States*, 469 F.2d 651, 652 (9th Cir. 1972) (per curiam) (citing *Evans v. Mitchell*, 458 F.2d 993 (9th Cir. 1972)).

8

he cites shows that the agents asked no funding question and Lee made no false denial, "the conviction was clearly erroneous and its enforcement will work a manifest injustice." *Id.* at 5.

The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Habeas Corpus Rule 12, allows amendments with leave of court any time during a proceeding. *Mayle v. Felix*, 545 U.S. 644, 654-55 (2005) (citing Fed. R. Civ. P. 15(a)). There are several accepted reasons to deny leave to amend, including the presence of bad faith by the moving party, undue delay, prejudice to the non-moving party, futility of amendment, and previous amendments. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988). Leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, the Court finds that the amendment to the § 2255 motion that Lee proposes would be futile. It does not substantially differ from the second grounds for error that he raises in his original § 2255 motion, which he argues more fully in his reply brief, and the Court would reject the amendment for the same reasons as stated above, that Lee already raised or could have raised these challenges on direct appeal. Accordingly, the Court DENIES Lee's request to amend his § 2255 motion.

Lee also argues that he is entitled to an evidentiary hearing. A habeas petitioner may be entitled to an evidentiary hearing on a claim "if he alleges facts that, if proven, would entitle him to relief." *Tapia v. Roe*, 189 F.3d 1052, 1056 (9th Cir. 1999) (regarding § 2254 motion); *see also Mejia-Mesa*, 153 F.3d at 929. The district court may deny a § 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *See Mejia-Mesa*, 153 F.3d at 931 (district court properly denied evidentiary hearing on claims that failed to state a claim for relief under § 2255 as a matter of law).

The Court finds the claims Lee raises here fail as a matter of law, and thus no hearing is

required to resolve a factual dispute.  The request for an evidentiary hearing is DENIED.

## CONCLUSION

Lee has not made a substantial showing of the denial of a constitutional right, and accordingly the Court does not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2). Lee's motion under 28 U.S.C. § 2255 is DENIED.  Lee's motion to amend his § 2255 motion is DENIED.

**IT IS SO ORDERED**.

Dated: August 28, 2019

_____
SUSAN ILLSTON
United States District Judge